IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JUAN ARRIAGA SANCHEZ<br>Register No. 32495-510,<br>PETITIONER | )<br>)<br>)<br>)<br>) | |
| v. | ) | No: 5:24-cv-118-RWS-JBB |
| JEREMIAH JOHNSTON, Warden,<br>RESPONDENT | )<br>)<br>) | |

## WARDEN'S RESPONSE TO
## PETITION AND MOTION TO DISMISS

Comes now the undersigned Assistant United States Attorney for the Eastern District of Texas, on behalf of Respondent Jeremiah Johnston, Warden of the Federal Correctional Institution, Texarkana, Texas, and answers Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241." The Government respectfully requests the Court dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6), as the Petitioner has failed to plead a plausible claim upon which relief could be granted.

## BACKGROUND

Juan Arriaga Sanchez, Register Number 11673-509 (Petitioner) claims the Bureau of Prisons (BOP) has wrongly marked him ineligible to earn First Step Act (FSA) time credits. To support his allegations, Petitioner states he has a charge of code 1326(A)(B)(1) and that this code makes him eligible for FSA time credits. Additionally, Petitioner states he has not exhausted his administrative remedies because once his FSA time credits are applied, he will leave BOP custody.

Warden's Response to Petition and Motion to Dismiss ─ Page 1

## STATEMENT OF FACTS

Petitioner is a federal inmate who was, at all times relevant to this action, incarcerated at the Federal Correctional Institution, Texarkana. *See* Declaration of James Schopper ¶ 4, *Attachment 1*. Petitioner is currently serving a 30-month term of imprisonment for illegal reentry following removal. *Id.* Petitioner has filed no administrative remedies throughout his incarceration. *Id.* at ¶¶ 13, 14, *Attachment 2*. Therefore, Petitioner has failed to exhaust his administrative remedies on this issue. *Id.*

Petitioner's current obligation is under 8 U.S.C § 1326(A) and (B)(1) for illegal reentry following removal. *See* Declaration of James Schopper ¶ 4, *Attachment 1*. An offense under 8 U.S.C § 1326 (B)(1) makes an inmate ineligible to earn FSA time credits. 18 U.S.C. § 3632(d)(lix).

Petitioner also has a final order of removal. *See* Declaration of Gregory Pollins ¶ 6, *Attachment 3*. Subject to a final order of removal, the BOP may not apply FSA Time Credits towards prerelease custody or early transfer to supervised released. *Id.* at ¶ 7.

**I.   Petitioner has failed to exhaust administrative remedies**

Petitioner has not met his burden of showing that he has exhausted administrative remedies. "Prisoners who challenge the calculation of their federal sentences should exhaust the remedies provided by the BOP." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir.1990). "The exhaustion doctrine requires that a petitioner first pursue all prescribed administrative remedies which might provide appropriate relief before seeking relief from the federal courts." *Day v. Seanez*, 24 F.3d 238 at n. 1 citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (internal quotation and citation omitted); *Herrera-Villatoro v. Driver*, 269 Fed.Appx. 372, 373 (5th Cir.2008) (unpublished) citing *Woodford v. Ngo*, 548 U.S. 81, 126 (2006) (affirming dismissal for failure to exhaust because the petitioner did not complete the final step of the administrative

process provided by the Federal Bureau of Prisons, appeal to the Central Office); *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (noting that "[p]risoners must now exhaust all 'available' remedies ... [and that] exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983.").

In this case, Inmate Arriaga has failed to a file a single administrative remedy. *See* Declaration of James Schopper; *Attachment 2*, Administrative Remedy Generalized Retrieval. Arriaga excuses this neglect by arguing "there is no time for the remedy process, for the fact that once FSA is applied I will leave B.O.P. custody." *See* Petition for Habeas Corpus at 3. However, exceptions to the requirement to exhaust administrative remedies are only "appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exception applies only in "extraordinary circumstances." *Id.* citing *DCP Farms v. Yeutter*, 957 F.2d 1183, 1188 (5th Cir. 1992). Petitioner bears the full burden of demonstrating the futility of administrative remedies. *Id.*

In this case, Arriaga argues he need not exhaust administrative remedies based on the speculative relief he asks to be granted. That is not the type of extraordinary circumstance contemplated by the courts. Indeed—such relief, if appropriate, could be granted by the BOP and the BOP is entitled to have "the opportunity to rectify its error." *Falcon v. Upton*, No. 4:13-CV-975-A, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014), citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991) (agency should be given opportunity to correct its own error before aggrieved party seek judicial intervention).

The BOP's Administrative Remedy program is codified at 28 CF.R §§ 542; 10-.19. Inmates are required to first attempt to resolve their grievance informally with staff. *See* Declaration of

James Schopper. Should that fail, inmates are required to submit their complaints to the Warden at the local institutional level, through a Request for Administrative Remedy, referred to as a "BP-9." *Id.* If the inmate is dissatisfied with the Warden's response, the inmate must then appeal to the Regional Director in the Regional Director's Office, and if dissatisfied with this response, the inmate is required to appeal to the Office of General Counsel, Bureau of Prisons, Washington, D.C. *Id.* An inmate has not exhausted their remedy or grievance until it has been properly presented at all four levels of the administrative remedy process and the request is denied at all levels. *Id.* A "BOP inmate does not exhaust administrative remedies until such time as he completes the entire… process culminating in the rejection of the BP–11 at the national level." *Wilson v. Keffer*, No. CIV. A. 08-1961, 2009 WL 1230020, at *3 (W.D. La. May 5, 2009).

In the case of Arriaga, he has failed to exhaust this issue because he has not filed a single administrative remedy. *See* Declaration of James Schopper, *Attachment 2*. He has not shown that doing so would be futile, he merely argues that he has no time use the administrative remedy process. *See* Petition at 3. Therefore, Arriaga failed to exhaust administrative remedies for his claim and should be required to do so.

**II.     The Petitioner is ineligible to earn FSA Time Credits because of his conviction**

Petitioner's current term of imprisonment is based on his conviction under 8 U.S.C § 1326(A) and (B)(1) for illegal reentry following removal. *See* Declaration of James Schopper ¶ 4, *Attachment 1*. Offense under 8 U.S.C § 1326 (B)(1) are ineligible offenses for FSA time credit purposes. 18 U.S.C. § 3632(d)(lix). A prisoner is ineligible to earn time credits under "Section 276(a) of the Immigration and Nationality Act (8 U.S.C. 1326), relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section." 18 U.S.C.A. § 3632. Arriaga's current conviction is under 8 U.S.C § 1326(A) and (B)(1). *Attachment*

Warden's Response to Petition and Motion to Dismiss ─ Page 4

*1*. 8 U.S.C § 1326 (B)(1) describes someone whose "removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both." 8 U.S.C.A. § 1326. Arriaga's offense is described by paragraph 1 of subsection (b). Therefore, he is ineligible to earn FSA time credits.

### III.   Even if the Petitioner could earn FSA Time Credits, he is not able to apply them because of a final order of removal

Finally, even if Petitioner was able to earn FSA Time Credits, Petitioner has a final order of removal. *See* Declaration of Gregory Pollins ¶ 6, *Attachment 3*.  Subject to a final order of removal, the BOP may not apply FSA Time Credits towards prerelease custody or early transfer to supervised released. *Id.* at ¶ 7. *See* Program Statement (P.S.) (P.S.) 5410.01 (10)(a) (Mar. 10, 2023), https://sallyport.bop.gov/co/itd/policy/ps/5410_001%20CN-2.pdf. Any inmate subject to a final order of removal is "statutorily precluded from applying any FTCs he may have earned." *Alvarez-Garcia v. Rivers*, No. 4:23-CV-1006-P, 2024 WL 1288662, at *2 (N.D. Tex. Mar. 26, 2024). Therefore, even if Arriaga was eligible to earn FSA time credits, which he is not, he would be statutorily precluded from applying them.

### CONCLUSION

The Petitioner has failed to exhaust his administrative remedies, is ineligible to earn FSA time credits, and even if he were eligible, would be unable to apply them. Therefore, even if he had exhausted administrative remedies, which he has not, he would be statutorily barred from earning or applying FSA Time Credits.

For the reasons set forth above, Respondent respectfully requests the Court to dismiss the petition with prejudice.

Respectfully submitted,

DAMIEN M. DIGGS
United States Attorney
Eastern District of Texas

/s/ *J. Kevin McClendon*
J. Kevin McClendon
Assistant United States Attorney
Texas Bar No. 13408620
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
kevin.mcclendon@usdoj.gov

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to the *pro se* Plaintiff as follows:

*Via Certified Mail/RRR*
Juan Arriaga Sanchez
Reg No. 32495-510
FCI Texarkana
P.O. Box 7000
Texarkana, TX 75505

/s/ *J. Kevin McClendon*
J. Kevin McClendon
Assistant United States Attorney